**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000332
28-MAR-2024
07:51 AM
Dkt. 72 SO**

NO. CAAP-23-0000332

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
FAASOLO OPALANI aka FAASOLO O. VEHIKITE,
aka FAASOLO OPALANI VEHITITE, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PC151001021(1))


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Faasolo Opalani, also known as Faasolo Opalani Vehitite, also known as Faasolo Vehikite (**Opalani**), appeals from (1) the April 5, 2023 Order of Resentencing; Revocation of Probation; Notice of Entry, and the Mittimus; Warrant of Commitment to Jail entered by the Circuit Court of the Second Circuit (**Circuit Court**)[1] in case number 2PC151001021 (**Case 1**); and (2) the April 5, 2023 Order of Resentencing; Revocation of Probation; Notice of Entry, and the Mittimus; Warrant of Commitment to Jail entered by the Circuit

_____

[1] The Honorable Kirstin M. Hamman presided.

Court in case number 2CPC-19-0000743 (**Case 2**) (collectively the **April 5, 2023 Sentencing Orders**).[2]

Opalani maintains a single point of error on appeal, contending that the Circuit Court erred in finding that the requirements of Hawaii Revised Statutes (**HRS**) § 706-624(3) (2014) were met, because Opalani was not given written copies of all the terms and conditions of his probation sentences during the January 7, 2022 proceedings (**January 7, 2022 Sentencing Orders**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Opalani's point of error as follows:

HRS § 706-624(3) provides:

> **§ 706-624  Conditions of probation.**
> . . . .
>     (3)  Written statement of conditions.  The court shall order the defendant at the time of sentencing to sign a written acknowledgment of receipt of conditions of probation.  The defendant shall be given a written copy of any requirements imposed pursuant to this section, stated with sufficient specificity to enable the defendant to comply with the conditions accordingly.

Opalani acknowledges that he received written copies of his July 1, 2016 probation conditions in Case 1, and of his April 8, 2020 probation conditions in Cases 1 and 2.  Opalani maintains that he did not receive written copies of his January 7, 2022

---

[2]    Identical orders were filed in Case 1 and Case 2.  As these cases were not formally consolidated, two notices of appeal should have been filed.  However, in light of the specific nature and circumstances of this appeal, including that Opalani is a criminal defendant represented by the Office of the Public Defender, we address the merits of the appeal with respect to both cases.  We note, however, that an appellant's right to appellate review could be affected by a failure to timely file a separate notice of appeal for each case wherein an order or judgment is being challenged.

probation conditions in either case, and therefore, the requirements of HRS § 706-624(3) were not met.

However, the probation conditions that led to the April 5, 2023 Sentencing Orders were previously provided in writing to Opalani.

In Case 1, three motions for an order to show cause why probation should not be revoked (**Motions for OSC**) were filed on July 2, 2019, January 29, 2021, and August 18, 2022. In each of those instances, Opalani allegedly had failed to report to his probation officer or notify the probation officer of his whereabouts. These were mandatory conditions under HRS § 706-624(1)(b)(d), and he received written notice of these conditions at his initial sentencing on July 1, 2016. Additionally, all three Motions for OSC in Case 1 alleged that Opalani had tested positive for prohibited substances, failed to obtain drug/alcohol assessments, and failed to obtain or complete substance treatment. These allegations pertained to discretionary conditions that the Circuit Court imposed under HRS § 706-624(2) (Supp. 2022). Like the mandatory conditions above, Opalani received written notice of these discretionary conditions at his initial sentencing.

Similarly, in Case 2, Motions for OSC were filed on January 29, 2021, and August 18, 2022. In both instances, the State alleged Opalani violated the same general and special conditions in Case 2 that he violated in Case 1. Like in Case 1, Opalani received written notice of these probation conditions at his initial sentencing in Case 2.

In addition, at the March 16, 2023 evidentiary hearing that preceded the April 5, 2023 Sentencing Orders, Opalani's probation officer testified that he reviewed the terms and conditions of the January 7, 2022 Sentencing Orders with Opalani at their meeting in March of 2022 and the probation officer provided Opalani with written copies of the January 7, 2022 Sentencing Orders.  This meeting took place prior to the August 28, 2022 Motion for OSC, which alleged that Opalani violated his probation for a third time in Case 1, and for a second time in Case 2.

We conclude that the Circuit Court did not err in finding that Opalani received the statutorily-mandated notice, including written copies, of all relevant terms and conditions of his probation sentence.  See State v. Stroeve, CAAP-18-0000878, 2020 WL 710890 (Haw. App. Feb. 10, 2020) (Amended SDO); cf. State v. Shannon, 118 Hawaiʻi 15, 185 P.3d 200 (2008); State v. Lee, 10 Haw. App. 192, 862 P.2d 295 (1993).

Accordingly, the Circuit Court's April 5, 2023 Sentencing Orders are affirmed.

DATED: Honolulu, Hawaiʻi, March 28, 2024.

On the briefs:

Henry P. Ting,
Deputy Public Defender,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge